[Crim. No. 4167.    First Dist., Div. Three.    Jan. 29, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LOUIS C. WHITE, Defendant and Appellant.

Richard W. Johnson, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and John J. Klee, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Charged with assault with a deadly weapon with intent to commit murder (Pen. Code, § 217), defendant was tried to a jury and found guilty of the lesser included offense of assault with a deadly weapon (Pen. Code, § 245). He appeals from the judgment.

The asserted assault was upon defendant's wife. She testified that he pulled her into the bathroom and struck her on the head with a ''great big rock.'' The rock was not produced. She did not testify to its dimensions, but the transcript makes clear that she did, on at least one occasion, describe its size to the jury by gestures. A doctor testified that the laceration of her scalp was 2 inches long, ''through all layers of the scalp . . . to the bone,'' that fragments of hair were driven into the wound, and that suturing was required. Defendant denied being present when his wife was injured, and advanced the theory that her wound resulted from a fall in the bathroom.

The jury obviously accepted the contention of the prosecution. Defendant cannot attack the sufficiency of the evidence in this respect. He does, however, argue that the evidence establishes as a matter of law that the rock was not a deadly weapon, and that thus the utmost offense proven was a simple assault. ▆▆ The rule is that an instrument not inherently a deadly weapon may become so by reason of its use. ▆▆ In determining this question, the jury may look to the nature of the instrument, the manner of its use, and the injury inflicted (*People* v. *Russell*, 59 Cal.App.2d 660, 665 [139 P.2d 661]). Although the rock was not produced, it was adequately described to the jury, and the injury it inflicted was demonstrated in detail. Whether it was a deadly weapon was at most a mixed question of law and fact to be determined by the jury upon proper instructions (*People* v. *Copeland,* 157 Cal.App.2d 185 [320 P.2d 531], and cases there cited). Here the instructions are unquestioned. The facts amply support the jury's implied finding. The decision principally relied on by defendant (*People* v. *Fuentes,* 74 Cal.App.2d 737 [169 P.2d 391]) is readily distinguishable upon its facts.

▆▆ Defendant asserts prejudicial misconduct by the prosecutor in that he asserted his personal belief in the credibility of Mrs. White. He did say ''she tells the truth,'' and ''she is dumb, but she is not a liar,'' but these statements were made in the course of marshalling the evidence. They did not purport to be statements of the prosecutor's personal belief, or to be based on information of his office. Thus they are not proscribed by the decision relied upon by defendant (*People* v.

*Perez,* 58 Cal.2d 229, 245 [23 Cal.Rptr. 569, 373 P.2d 617]). In both his arguments to the jury, the prosecutor repeatedly made clear that it was for that body to determine whether defendant or his wife was to be believed. His assertions of Mrs. White's truthfulness were but legitimate argument of conclusions which the jury could reasonably draw from all the evidence. Even if couched in the first person, they could hardly be regarded as an attempt to overbear the jury (*People* v. *Rosoto,* 58 Cal.2d 304, 360-361 [23 Cal.Rptr. 779, 373 P.2d 867]). They were not so couched, and we find no error. The remaining claims of misconduct are without merit.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.