**Louis C. WHITE, Appellant,**

**v.**

**Lawrence E. WILSON, Warden, San Quentin Prison, Tamal, California, State of California, et al., Appellees.**

**No. 22210.**

United States Court of Appeals
Ninth Circuit.

July 19, 1968.

**597**

Louis C. White, in pro. per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, William D. Stein, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before JERTBERG and MERRILL, Circuit Judges, and ROGER D. FOLEY, District Judge.*

JERTBERG, Circuit Judge:

Appellant appeals from an order of the District Court denying his petition for writ of habeas corpus filed under 28 U.S.C. § 2253.

The district court issued a certificate of probable cause and authorized appeal to be taken in forma pauperis.

Appellant is in custody of the State of California. He was arrested on November 3, 1961, and charged with the offense of assault with a deadly weapon with intent to commit murder [California Penal Code § 217]. Following preliminary examination in the Municipal Court, an information was filed in the Superior Court of the State of California, in and for the County of Alameda, charging a violation of California Penal Code § 217. The information also charged that he was convicted in the Superior Court of the State of California in and for the County of Contra Costa, in 1946, of the offense of a felony, to wit: manslaughter, and in pursuance of said conviction, he served a term in the California State Prison at San Quentin, a penal institution. On his arraignment appellant appeared with counsel, pleaded not guilty to the main charge of assault with a deadly weapon, and stood mute on the charge of a prior conviction. Later, in open court, in the absence of the jury, appellant admitted the prior conviction.

Appellant's trial before a jury commenced on January 22, 1962. He was found guilty of the lesser included offense of assault with a deadly weapon [California Penal Code § 245].

On February 16, 1962, appellant was sentenced to the State Prison for the term prescribed by law. An appeal from the judgment of conviction was taken to the Court of Appeal for the State of California, for the First Appellate District. On January 29, 1963, Division 3 of that court affirmed the judgment. See People v. White, 212 Cal. App.2d 464, 28 Cal.Rptr. 67 (1963).

On January 9, 1967, appellant filed a petition for writ of habeas corpus in the district court. An order to show cause was issued and appellee filed a return to that order, to which return appellant filed a traverse. With the return to the order to show cause, appellee lodged a

* Honorable Roger D. Foley, United States District Judge for the District of Nevada, sitting by designation.

copy of the reporter's transcript and supplement thereof of the trial in the state court. Attached as exhibits to the return are the following:

(a) Certified copy of the Clerk's Transcript of the proceedings held in the state court;

(b) Certified copies of the proceedings in 1946 in the Superior Court of the State of California, in and for the County of Contra Costa, at the time appellant pleaded guilty to the offense of manslaughter, and at the time of his sentencing;

(c) Reporter's transcript of appellant's confession to the 1946 offense.

On this appeal, appellant attacks his conviction on various grounds, five of which were urged in the district court and were rejected in the following manner:

"In this action, petitioner seeks to attack his conviction on the grounds that (1) statements made by him were incriminatory and were introduced in evidence in violation of his constitutional rights; (2) he was not brought to trial promptly; (3) his bail was excessive; (4) a prior conviction was improperly charged against him and was constitutionally invalid because it was obtained upon a coerced guilty plea; and (5) that the representation of his counsel at the sentencing was inadequate.

■ "Turning first to the question of coerced incriminatory statements, it is clear that this allegation is insufficient. It is alleged that petitioner was interrogated by police officers using coercive methods and was denied the right to be represented by counsel, although he requested counsel. Aside from the fact that petitioner was tried in 1962, long before the effective date for the prospective application of the rules of Escobedo v. [State of] Illinois, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] (1964), and Miranda v. [State of] Arizona, 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694] (1966), see Johnson v. [State of] New Jersey, 384 U.S. 719 [86 S.Ct. 1772, 16 L.Ed.2d 882] (1966), the record of the trial indicates that no incriminatory statements allegedly given to police officers were introduced in evidence against petitioner at trial.

■ "It is next claimed that he was denied his constitutional right to a speedy trial. Since the time this petition was submitted, the United States Supreme Court has held that the Sixth Amendment right to a speedy trial is one of the rights made applicable to the states through the Fourteenth Amendment. Klopfer v. [State of] North Carolina, 386 U.S. 213 [87 S.Ct. 988, 18 L.Ed.2d 1] (1967). Nevertheless, the record in this case shows no unreasonable delay which would warrant a finding that petitioner's rights had been infringed. The crime was committed on October 31, 1961, petitioner was arrested on November 3, 1961, he was arraigned on December 14, 1961, and by consent of petitioner's counsel and the prosecutor, the case was continued to January 22, 1962, at which time the trial commenced.

■ "Petitioner's contention that he was held under excessive bail is also without merit. He does not demonstrate in what way he was constitutionally prejudiced thereby, and on the basis of the record there is no indication that this could have affected his conviction. At least one court has held that the Eighth Amendment prohibition against excessive bail applies to the states through the Fourteenth Amendment, Pilkinton v. Circuit Court, 324 F.2d 45 (8th Cir. 1963), but it has not been held that this ground is a constitutional basis for invalidation of a conviction. Even if this were a sufficient allegation, in light of the seriousness of the offense petitioner was charged with and his prior record, this Court cannot say that the alleged bail of $3,150, which was increased on motion of the prosecution (because of petitioner's prior conviction) to $8,150 was excessive. The mere fact that petitioner may not have been able to pay the bail does not make it excessive. Hodgdon v. United States, 365 F.2d 679 (8th Cir. 1966).

■ "The fourth contention raised by petitioner is that his prior felony conviction was improperly charged and that the prior conviction was the product of a coerced guilty plea. The charging of the prior felony conviction raises no federal question. See Spencer v. [State of] Texas, 385 U.S. 554 [87 S.Ct. 648, 17 L.Ed.2d 606] (1960). The record before the Court further shows that petitioner's prior conviction was not the product of a coerced guilty plea, assuming that it would raise a federal question if it were. Cf. Arketa v. Wilson, 373 F.2d 582 (9th Cir. 1967). He was represented by counsel at all critical times and his counsel represented to the court that he was satisfied that there had been no mistreatment. (Exh. D, p. 2). The record also contains a confession of guilt made by petitioner, which was obtained after informing him that he had a right to remain silent and that the information furnished thereby might be used against him at trial and in which he swore that the statement was given freely, voluntarily and of his own free will. The court is thus satisfied that the 1946 conviction which was admitted at the 1962 trial was not the product of a coerced guilty plea.

■ "Lastly, petitioner maintains that he was inadequately represented by his counsel at the sentencing phase of his trial because counsel indicated to the court that he felt petitioner was guilty and should receive some kind of sentence. The role of counsel at a sentencing is somewhat different from that at trial, and in light of petitioner's prior record, his conviction of a serious offense and the California indeterminate sentence laws, this statement, if improper at all, was harmless error beyond a reasonable doubt. Chapman v. [State of] California, 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705] (1967). A review of the record before the Court and the opinion of the California District Court of Appeal, People v. White, 212 Cal. App.2d 464 [28 Cal.Rptr. 67] (1963) leads the Court to conclude that petitioner received able representation by his counsel at trial."

In our view the district court properly rejected the appellant's contentions which were presented to it.

In addition to the grounds urged in the district court, appellant, on this appeal, urges that he was denied due process because he was brought to trial on the charge of assault with intent to commit murder, but was convicted of the lesser included offense of assault with a deadly weapon; that the trial court erred in giving certain instructions to the jury; that the trial court submitted improper verdict forms to the jury; and that he was prejudiced by remarks made by the prosecutor in his argument to the jury.

■ We find no merit in any of these contentions. None involves a federal question. Appellant consented to the use of the special verdict forms. No objection was made at the trial to the prosecutor's argument. The propriety of a conviction on a lesser offense included in the offense charged in the information is proper under California law. See People v. White, supra.

■ Finally, appellant contends that the trial court's denial of his application should be reversed because appellant was not given a hearing, and was not present when his petition was denied. When the merits of such an application can be readily determined on the record before the court, then a hearing is not required, nor is the presence of the petitioner necessary. See Yeaman v. United States, 326 F.2d 293 (9th Cir. 1963). Such is the instant case.

The order appealed from is affirmed.