*Supp. 3 Opinion
ROBERSON, P. J.
—Appellant was convicted after jury trial of battery (Pen. Code, § 242) and assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)). The main issue raised in this appeal is whether, as a matter of law, a dog may ever be considered a “deadly weapon or instrument,” within the meaning of Penal Code section 245, California’s statute proscribing assault with a deadly weapon.[1]
I
On November 30, 1988, around 6 a.m., Roberto Robles was waiting for his girlfriend to drive him home. He was standing in the parking lot of Tiny Naylor’s Restaurant where he had just left work for the day. Robles observed appellant drive her car into the parking lot with a dog running alongside the car.
The dog attempted to attack Robles for nearly 10 minutes; it growled at him and attempted to bite him. Appellant called to the dog, urging it to attack Robles. When appellant drove away, the dog followed.
A few minutes later, appellant returned and Robles observed appellant and her dog attack his girlfriend, Diana Gutierrez. Gutierrez had just arrived, parked her car, and had begun walking to the restaurant. She passed by appellant, who was standing in back of a car with the hatchback open. Appellant ran up to Gutierrez and began screaming at her and calling her names.
Appellant began yelling, “Get her! Get her!” At this point, Gutierrez saw a doberman pinscher appear from behind the car, where appellant had been standing. The dog was not on a leash. It obeyed appellant’s command and attacked Gutierrez. It bit her leg and jumped for her arm. As Gutierrez was fending off the dog, she felt a “great big shove” and then appellant grabbed her by the throat and scratched her face.
Gutierrez screamed for her boyfriend to call the police. Appellant did not call off the dog; eventually, however, Gutierrez managed to fend off both appellant and the doberman.
*Supp. 4 II
“A ‘deadly weapon’ within the meaning of Penal Code section 245, subdivision (a) is any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to produce, death or great bodily injury. In determining whether an object not inherently deadly or dangerous acquires this characteristic, the trier of fact may look to the nature of the weapon, the manner of its use, and all other factors that are relevant to this issue. (People v. White (1963) 212 Cal.App.2d 464, 465 [28 Cal.Rptr. 67]; People v. Russell (1943) 59 Cal.App.2d 660, 665 [139 Cal.Rptr. 661].)” (In re Jose R. (1982) 137 Cal.App.3d 269, 275-276, fn. omitted [186 Cal.Rptr. 898].) Thus, whether a specific dog in a given case is a “deadly weapon or instrument” is ultimately a question of fact for the jury. We deal in this opinion with the question whether, as a matter of law, a dog may be considered a “deadly weapon or instrument” within the meaning of section 245.
The phrase “deadly weapon or instrument” as used in section 245 has been defined to include many different inanimate objects.[2] These objects have in common the fact that, when used in a physical attack on a person, they are capable of and are likely to produce death or great bodily injury. No California court has held that a dog falls within this category. Other jurisdictions have considered the question and have collectively concluded a dog may be a dangerous or deadly instrument within the meaning of aggravated assault, battery or robbery statutes similar to California’s section 245. The collective holding of these cases is that a dog may be a deadly weapon if the person uses the dog to attack or threaten a human, and the dog is trained to respond to the person and is capable of inflicting serious injury. (See Annot., Dogs as Deadly or Dangerous Weapon for Purposes of Statutes Aggravating Offenses Such as Assault and Robbery (1989) 7 A.L.R.4th 607, & later cases (1990 pocket supp.) pp. 67-68.) We now turn to these decisions.
In State v. Bowers (1986) 239 Kan. 417 [721 P.2d 268], the Kansas Supreme Court held that a doberman pinscher was a “deadly weapon” capable of inflicting “great bodily harm” during an aggravated battery. There, the defendant ordered his dobermans to “get them,” meaning the police officers who were attempting to arrest him. The dogs obeyed. In *Supp. 5 People v. Kay (1982) 121 Mich.App. 438 [328 N.W.2d 424], the Michigan Court of Appeals held a dog was a “dangerous weapon” used to commit an assault. As in Bowers, the defendant ordered his german shepherds to “get ’em,” referring to the two store employees chasing him. They attacked. In Michael v. State (1981) 160 Ga.App. 48 [286 S.E.2d 314], the Georgia Court of Appeals held a doberman pinscher used to attack another person was a “deadly weapon.” Appellant had either urged or permitted his dog to lunge, jump and chomp at the victim at close range.
In State in Interest of J.R. (1979) 165 N.J.Super. 346 [398 A.2d 150, 7 A.L.R.4th 603], the New Jersey Appellate Division held a german shepherd was an “offensive weapon” used to commit an assault. The appellant had ordered his dog to “sic ’er,” and the dog obeyed. In People v. Torrez (1976) 86 Misc.2d 369 [382 N.Y.S.2d 233], the New York Supreme Court held a german shepherd was a “dangerous instrument” used to commit a robbery. In Commonwealth v. Tarrant (1975) 367 Mass. 411 [326 N.E.2d 710], the Massachusetts Supreme Judicial Court held a german shepherd was a “dangerous weapon” used to commit an armed robbery. There, the defendant’s medium-sized german shepherd obeyed his command to come to him.
In states which follow the Model Penal Code, “deadly weapon” is defined to include both inanimate and animate instruments which, in the manner used, are capable of producing death or serious bodily injury. (Model Pen. Code, § 210.0(4).)
We now return to our own statutory definition of “deadly weapon or instrument.” It must be an instrument used in such a manner that its use could produce and is likely to produce death or great bodily injury. (In re Jose R., supra, 137 Cal.App.3d 269, 275-276.) We look to the “nature of the weapon, the manner of its use, and all other factors that are relevant to this issue.” (Ibid.)
In a given situation, a dog may well come within the definition. As the cases referred to above indicate, a dog may be trained to attack a human. If an inanimate object such as a pillow, a straight pin imbedded in an apple, and a razor blade may be found by the trier of fact to be a “deadly weapon or instrument” within the meaning of section 245, certainly a dog which is trained to viciously attack a human or which has a known propensity to do so when ordered by its handler should also be considered. Moreover, it is beyond question that, in general, a dog of sufficient training and size relative to its victim may be able to inflict serious injury or even death, injury no less *Supp. 6 serious than that inflicted with a pillow or any of the other inanimate objects which have been found to be a “deadly weapon or instrument.”
We emphasize, however, that whether or not a particular dog is a “deadly weapon or instrument” will depend upon the circumstances of each case. Some dogs are not trained to attack persons and will not do so when urged by their handlers; some are not trained at all.
We hold that, depending upon the circumstances of each case, a dog trained to attack humans on command, or one without training that follows such a command, and which is of sufficient size and strength relative to its victim to inflict death or great bodily injury, may be considered a “deadly weapon or instrument” within the meaning of section 245.
Ill
We now turn to the facts of the instant case to determine whether they are sufficient to support appellant’s conviction for assault with a deadly weapon. The evidence, when viewed in the light most favorable to respondent (People v. Johnson (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]), established that appellant ordered her dog, a doberman pinscher, to attack her victim. The dog did so and inflicted bodily injuries. When appellant finally called the dog off, it again responded and moved away from the victim.
Appellant had also ordered the dog to attack another person moments earlier. The dog approached him, growling, and attempted to bite the person. He managed to avoid injury by kicking the dog with his feet and hitting him with his hands. When appellant moved away in her car, the doberman went with her.
Thus, it was sufficiently established that the dog was trained to respond to appellant’s commands and that appellant directed the dog to attack two persons. In each instance the dog obeyed and was successful. As to one victim, the dog inflicted physical injuries and damaged her clothing. The dog was a doberman pinscher, of sufficient size and capability to inflict serious bodily injury upon the victims. We conclude the evidence is sufficient to support appellant’s conviction for assault with a deadly weapon.[3]
*Supp. 7 The judgment is affirmed.
Swearinger, J., and Johnson, J., concurred.

Penal Code section 245, subdivision (a)(1) provides:
“Every person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury is punishable by imprisonment in the state prison for two, three or four years, or in a county jail not exceeding one year, or by fine not exceeding ten thousand dollars ($10,000), or by both such fine and imprisonment.”
Unless otherwise noted, future statutory references are to the Penal Code.

Examples include a straight pin imbedded in an apple (In re Jose R., supra, 137 Cal.App.2d 269); a pillow (People v. Helms (1966) 242 Cal.App.2d 476 [51 Cal.Rptr. 484]); an automobile (People v. Claborn (1964) 224 Cal.App.2d 38 [36 Cal.Rptr. 132]); a knife (People v. Herd (1963) 220 Cal.App.2d 847 [34 Cal.Rptr. 141]); a large rock (People v. White (1963) 212 Cal.App.2d 464 [28 Cal.Rptr. 67]); a razor blade (People v. Richardson (1960) 176 Cal.App.2d 238 [1 Cal.Rptr. 306]); a fingernail file (People v. Russell (1943) 59 Cal.App.2d 660 [139 P.2d 661]); and an iron bar (People v. Lee (1937) 23 Cal.App.2d 168 [72 P.2d 572]).

Appellant contends that section 399.5 already punishes appellant’s use of her dog in an assault and therefore precludes liability for assault with a deadly weapon under section 245, subdivision (a)(1). Not so. Section 399.5 expressly penalizes owners or custodians of dogs who are negligent in caring for their dog which then bites a human as a result of that negligence. The bite must be “a result of [the owner’s or custodian’s] failure to exercise *Supp. 7 ordinary care.” (§ 399.5, subd. (a).) This is clearly not our case. Assault with a deadly weapon is an intentional act. The facts compel the conclusion that appellant’s dog did not attack because of appellant’s negligence. Indeed, she ordered the doberman to attack.