995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kanuri Sugury QAWI, Petitioner-Appellant,
v.
Dan VASQUEZ, Warden, Respondent-Appellee.
 No. 92-17110.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kanuri Sugury Qawi, a California state prisoner, appeals pro se the summary denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for assault. Qawi contends that his conviction should be vacated for the following reasons: (1) the municipal court set excessive pre-trial bail because the prosecutor withheld exculpatory evidence, a medical report on the victims' injuries; (2) the prosecutor improperly withheld the medical report when she filed an information charging felony battery in superior court; (3) the prosecutor committed misconduct by ante-dating the municipal court complaint when she filed the information in superior court; and (4) on the day of trial the prosecutor improperly amended the information to charge the lesser offense of assault. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Although Qawi raised additional claims in district court, we consider only the four claims discussed in his opening brief. See Wilcox v. CIR, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) ("[a]rguments not addressed in a brief are deemed abandoned").
 
 
 4
 We review de novo the denial of a habeas petition. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). The district court may deny a habeas petition without an evidentiary hearing if the petitioner does not make allegations which, if proved, would entitle him to relief. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). Moreover, the district court may summarily dismiss a habeas petition before the respondent has answered if it plainly appears from the face of the petition and any exhibits that the petitioner is not entitled to habeas relief. Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.
 
 
 5
 Qawi contends that because the prosecutor withheld the medical report, the municipal court set bail based on felony battery charges, and the prosecutor was permitted to file felony battery charges in superior court. Qawi also contends that the prosecutor's ante-dating of the complaint misled the superior court into permitting the filing of the felony battery charges. Qawi contends that if he had not been charged with the greater offense of felony battery, then he would not have been convicted of the lesser offense of assault. These contentions lack merit.
 
 
 6
 A writ of habeas corpus is the federal remedy for challenging a state prison sentence, Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991), and a habeas petitioner must show that he or she is imprisoned in violation of the federal Constitution, a federal statute, or a treaty, 28 U.S.C. § 2254(a); Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Thus, Qawi must show that any charging or bail setting errors resulted in an unconstitutional conviction for assault. See United States v. Alvarez, 972 F.2d 1000, 1004 (9th Cir.1992) (charging error does not require reversal of federal conviction unless defendant was prejudiced), cert. denied, 113 S.Ct. 1427 (1993); White v. Wilson, 399 F.2d 596, 598 (9th Cir.1968) (habeas petitioner claiming excessive bail must show constitutional prejudice and effect on conviction); see also Murphy v. Hunt, 455 U.S. 478, 481 (1982) (claim to pre-trial bail moot after conviction).
 
 
 7
 Qawi has not met this burden. He has not presented any support for his claim that the felony battery charge caused the jury to find him guilty of assault. Accordingly, the district court did not err by denying Qawi's habeas petition. See Estelle, 112 S.Ct. at 480.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3