41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earl Ray LEE, Plaintiff-Appellant,
v.
Rayburn EVANS, et al., Defendants-Appellees.
 No. 92-15658.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1994.[1]
Decided Nov. 18, 1994.
 
 1
 Before: NORRIS and O'SCANNLAIN, Circuit Judges and COUGHENOUR, District Judge[2].
 
 MEMORANDUM[3]
 
 2
 Earl Lee, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment for the defendant jail officials in his 42 U.S.C. Sec. 1983 action alleging multiple violations of his constitutional rights during pretrial custody at the La Paz County Jail. We have jurisdiction under 28 U.S.C. Sec. 1331. We now affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 On April 23, 1988, Oregon State Police arrested Earl Lee on an Arizona arrest warrant. Lee was transferred from Oregon to the La Paz County Jail in Parker, Arizona, on June 11, 1988, to await trial. On December 5, 1988, Lee was convicted of first degree murder and sentenced to life imprisonment. Lee was moved on December 19, 1988, to the Arizona State Prison at Florence, Arizona, to begin serving his sentence.
 
 
 4
 On October 12, 1989, Lee filed a complaint under 42 U.S.C. Sec. 1983 alleging numerous constitutional violations arising from his pretrial detention at the La Paz County Jail ("LPCJ" or "Jail"). Defendants include Rayburn Evans, former Sheriff of La Paz County, various employees of the La Paz County Jail, several former and current members of the La Paz County Board of Supervisors, and various agents of the above defendants.
 
 
 5
 Lee's complaint alleges that defendants (1) violated his right to due process under the Fifth and Fourteenth Amendments by setting bail in an amount beyond his ability to pay; (2) violated various constitutional guarantees by improperly restricting and monitoring his communications; (3) violated his right to be free from cruel and unusual punishment by permitting unconstitutional conditions to exist at the LPCJ; and (4) unconstitutionally forced him to shower in front of female guards and inmates.
 
 
 6
 Following discovery, defendants moved for summary judgment on all claims. Lee, in turn, moved to strike defendants' summary judgment motion for failure to include the United States Magistrate Judge's initials in the caption of the motion. Lee also filed a motion for leave to file a tardy exhibit.
 
 
 7
 On March 15, 1992, the district court granted defendants' motion for summary judgment on all claims and denied Lee's motions to strike and for leave to file a tardy exhibit. The district court issued a final judgment dismissing the complaint in its entirety on March 18, 1992. On April 1, 1992, Lee filed a timely notice of appeal.
 
 DISCUSSION
 
 8
 A grant of summary judgment is reviewed de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, if there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Judie v. Hamilton, 872 F.2d 919, 920 (9th Cir.1989).
 
 
 9
 To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of all elements essential to that party's case and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 I. Pretrial Detention
 
 10
 A bail setting is not excessive within the meaning of the Eight Amendment merely because the defendant cannot pay it. United States v. McConnel, 842 F.2d 105 (5th Cir.1988); White v. Wilson, 399 F.2d 596 (9th Cir.1968) ("The mere fact that petitioner may not have been able to pay the bail does not make it excessive."). The record indicates that Lee presented no evidence to the district court that his bail setting was greater than that required to assure his presence at trial. See United States v. Salerno, 481 U.S. 739, 752-53 (1987) (" '[b]ail set at a figure higher than an amount reasonably calculated [to ensure the defendant's presence at trial] is excessive under the Eighth Amendment.") (quoting Stack v. Boyle, 342 U.S. 1, 5 (1951) (brackets in original) ). Accordingly, the district court properly granted summary judgment for defendants on this claim.
 
 
 11
 II. Restrictions and Monitoring of Communications
 
 
 12
 It is fundamental that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). The Supreme Court, however, "has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." Thornburgh v. Abbott, 490 U.S. 401, 408 (1989).
 
 
 13
 Lee's complaint asserts that defendants violated his constitutional rights by (1) opening and censoring his incoming mail; (2) restricting his ability to communicate with family and friends; (3) offering money to fellow inmates to serve as informers; (4) providing only one room in which he could consult with his attorney; and (5) denying him meaningful access to the jail law library. Lee contends that the district court improperly dismissed these claims. We disagree.
 
 
 14
 It is well settled that a prison mail policy does not violate the Constitution if "reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. Here, a review of the record demonstrates that Lee has failed to produce any evidence suggesting that the Jail's mail policy was unrelated to a legitimate penological interest.[4] As such, the district court appropriately granted summary judgment on this claim.
 
 
 15
 Lee also claims that he was denied the right to receive visitors and to otherwise communicate with people outside the Jail. But the record is devoid of any evidence discussing these allegations beyond the conclusory statements in Lee's complaint and motion papers. The district court therefore did not err in dismissing this claim on defendants' motion for summary judgment. Celotex, 477 U.S. at 322 (conclusory allegations, without more, cannot withstand a summary judgment motion).
 
 
 16
 Next, Lee asserts that defendants paid other inmates to eavesdrop on his conversations and to gather evidence against him. This allegation finds no support in the record. Indeed, during his deposition, Lee conceded that he had "no proof" that informants were placed in his jail cell. Lee's claim was therefore properly rejected on summary judgment.
 
 
 17
 Lee further stated during his deposition that a room was provided for prisoners to consult with their attorneys, but because the room was often in use, he had to consult with his attorney in an open area where other inmates and prison officials could hear the conversations.[5] However, Lee was unable to specify any conversations that were actually overheard, nor did he produce evidence that this alleged lack of privacy infringed his right to effective assistance of counsel. As such, the district court did not err when granting summary judgment on this claim.
 
 
 18
 The Constitution does not require unlimited prisoner access to law libraries. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Rather, prison officials may regulate law library access, including time, place and manner of access, taking into account the administrative needs of the institution. Lindquist, 776 F.2d at 858. Again, the only references in the record supporting this claim are Lee's general and conclusory allegations that he was denied law library access. Because Lee fails to specify the manner in which defendants restricted his access to the LPCJ law library, the district court correctly granted summary judgment for defendants.
 
 III. Conditions of Confinement
 
 19
 Lee alleges that the following conditions at LPCJ violated his constitutionally protected rights: (1) lack of adequate plumbing and shower facilities; (2) small cells; (3) lack of adequate exercise opportunities; (4) overcrowding; (5) lack of windows, adequate ventilation, and heating; (6) lack of health and medical care; (7) failure to provide clean clothing and bedding; (8) poor sanitary conditions in the cells and the Jail in general; and (9) inadequate medical screening of new detainees.[6]
 
 
 20
 As a pretrial detainee, Lee's claims of unconstitutional prison conditions arise from the Due Process Clause of the Fourteenth Amendment rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). Nevertheless, the Eighth Amendment "provide[s] a minimum standard of care for determining [Lee's] rights as a pretrial detainee." Jones, 781 F.2d at 771.
 
 
 21
 In accordance with the Eighth Amendment's prohibition against cruel and unusual punishment, a prison must provide inmates with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). In evaluating an Eighth Amendment conditions of confinement claim, each alleged condition is viewed individually, not the totality of conditions. Hoptowit, 682 F.2d at 1246-47. However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991).
 
 
 22
 To prevail on an unconstitutional prison conditions claim, the plaintiff must show that defendants were "deliberately indifferent" to constitutional violations. Farmer v. Brennan, 62 U.S.L.W. 4446 (June 7, 1994); Wilson, 111 S.Ct. at 2326-27. In Farmer, the Supreme Court clarified the definition of "deliberate indifference" within the context of conditions of confinement claims.
 
 
 23
 We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
 
 
 24
 Farmer, 62 U.S.L.W. at 4449.
 
 
 25
 Here, a review of the record indicates that Lee produced no evidence of intent with respect to any defendant, nor did he submit evidence that any defendant knew of facts from which intent could be inferred.[7] Moreover, as the district court noted, Lee made no effort to demonstrate which defendants were responsible for the alleged conditions forming the basis of his suit. Lee was therefore unable to clear the summary judgment hurdle because he failed to submit any evidence on an essential element for which he had the burden of proof at trial--defendants' intent. Celotex, 447 U.S. at 322. Although pro se pleadings must be liberally construed, pro se litigants are not exempt from Rule 56. See generally Jacobsen v. Filler, 790 F.2d 1362 (9th Cir.1986).
 
 
 26
 In Farmer, the Court recognized that a trier of fact may conclude that a prison official must have known of unconstitutional prison conditions. But the Court was clear that this was not an objective standard and cautioned against "confusing a mental state with the proof of its existence." Farmer, 62 U.S.L.W. at 4451 (citation and quotations omitted). In the proceedings below, Lee made no effort to demonstrate which defendants might have been responsible for which conditions, or that a particular defendant must have known of a particular condition. Indeed, during his deposition, Lee conceded that the only reason he brought suit against defendants was because the jail was under their supervision, and acknowledged that he had no evidence of intent.
 
 
 27
 Finally, it should be noted that Lee did not bring suit against the La Paz County Jail or La Paz County, as he could have. See Mount Healthy City School District v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States ... but does not extend to counties and similar municipal corporations.") Because he chose to sue the individuals responsible for operating LPCJ, Lee was required to submit evidence of each defendant's intent in order to survive summary judgment. This he did not do. The district court's summary judgment in favor of all defendants was therefore proper.
 
 
 28
 IV. Compulsory Showering in the Presence of Women
 
 
 29
 Lastly, Lee alleges that defendants violated his constitutional rights by forcing him to shower within view of female guards and prisoners. However, beyond the conclusory allegations in his complaint, Lee provided no evidence to counter defendants' affidavit from Hal Collett, a LPCJ supervisor, that categorically denies the allegation. Accordingly, summary judgment for defendants was required. Celotex, 477 U.S. at 322.
 
 CONCLUSION
 
 30
 The district court's grant of summary judgment in favor of defendants on all claims is
 
 
 31
 AFFIRMED.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [2]
 Honorable John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation
 
 
 [3]
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [4]
 Lee's evidence consists of: (1) a single page from what appears to be a list of LPCJ rules; (2) affidavits from six additional former inmates at the Jail that discuss the conditions at LPCJ but make no reference to Lee; and (3) two newspaper articles discussing deleterious conditions and overcrowding at the Jail. The only additional evidence potentially helpful to Lee are the excerpts of his deposition relied upon by defendants
 
 
 [5]
 This testimony flatly contradicts Lee's claim made earlier in the deposition that his attorney refused to visit him at the Jail
 
 
 [6]
 Lee also asserts that prisoners were beaten by prison staff. Lee, however, does not claim that he was ever beaten by defendants, and therefore lacks standing to litigate this claim. Darring v. Kincheloe, 783 F.2d 874, 877 (9th Cir.1986)
 
 
 [7]
 In support of his claims, Lee submitted affidavits by seven former LPCJ inmates. These affidavits, however, do not mention any of the defendants, nor do they state facts linking the allegedly unconstitutional conditions to particular defendants. Lee's proffered evidence also includes two newspaper articles. The first, Lee's self-styled "Exhibit-7", rather than showing deliberate indifference, indicates that the quoted Jail officials--none of whom appear to be defendants herein--were concerned about the overcrowding and poor conditions at LPCJ and undertook corrective measures. Accordingly, the article does not establish that defendants were deliberately indifferent. Because the district court denied Lee leave to file a tardy exhibit, the second newspaper article is not part of the official record. Nevertheless, it is worth noting that it too does not establish deliberate indifference on the part of defendants