691 So.2d 515 (1997)
Michael Patrick DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3294.
District Court of Appeal of Florida, First District.
March 14, 1997.
Rehearing Denied April 30, 1997.
Kelvin Clyde Wells of Smith, Grimsley, Bauman, Pinkerton, Petermann, Saxer & Wells, Ft. Walton Beach, for Appellant.
Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
*516 PER CURIAM.
Appellant raises three issues in this appeal from his conviction and sentence for aggravated child abuse. Because we reverse appellant's conviction and sentence based on appellant's claim that the trial court erred when it denied his motion for judgment of acquittal, the other issues need not be addressed.
Appellant was charged with the aggravated child abuse of his infant daughter in violation of section 827.03, Florida Statutes. At trial, appellant moved for judgment of acquittal at the close of the state's case and properly renewed the motion, but the court denied the motion. In the instant appeal, Dixon argues that denial of this motion was error. We agree.
It is well-settled that in moving for judgment of acquittal, a defendant admits all facts in evidence adduced and every conclusion favorable to the state reasonably inferred from the evidence. Anderson v. State, 504 So.2d 1270, 1271 (Fla. 1st DCA 1986). In addition, when relying on circumstantial evidence, the state is not required to rebut conclusively every possible variation of events, but only to introduce competent evidence inconsistent with the defendant's theory of events. State v. Powell, 636 So.2d 138 (Fla. 1st DCA 1994). In instances when the only proof of guilt is circumstantial, however, "no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." State v. Law, 559 So.2d 187, 188 (Fla.1989).
The evidence adduced at trial showed that on the evening of April 29, 1994, appellant's infant daughter was rushed to the hospital after she suddenly stopped breathing. The child's physicians testified that the child suffered from "shaken baby syndrome," i.e., an acceleration and deceleration of the baby's head that in this case resulted in intracranial bleeding and retinal hemorrhages. As a result the child's head was enlarged, and when she arrived at the hospital she was alternately lethargic and irritable. Appellant did not dispute any of this testimony because his theory of defense at trial was that someone else shook and injured the child.
Although the information charged appellant with having committed aggravated child abuse on or between February 20 and April 29, the state, in its effort to show that appellant was the perpetrator of the offense, focused at trial on the five to ten minute period on the evening of April 29 during which appellant admittedly was alone with the child when she stopped breathing. The state's expert witness testimony, however, did not support this narrow time frame for the occurrence of the injury. The radiologist testified that the child's head injury occurred within the week of April 29, and he responded "Correct" to the question of whether the trauma to the child "occurred [within the period] starting sometime Tuesday, April 26th until three days later, the 29th, when the child entered the hospital." Evidence was presented showing that the injury did occur prior to April 29. Appellant's neighbor, who took care of the child on several occasions, testified that on the evening of April 28 the infant was lethargic and had an enlarged head. The child's maternal grandmother testified that the child was not well on the afternoon of April 29the child was pale and cried excessively. Finally, the evidence at trial showed that appellant was only one of several peopleboth adults and childrenwho had access to or cared for the child during the week preceding and including April 29.
Accordingly, the circumstantial evidence in the instant case is not inconsistent with appellant's reasonable hypothesis of innocence. Appellant's conviction is reversed, and the cause is remanded with directions that a judgment of acquittal be entered and that appellant be discharged.
MINER, WEBSTER and LAWRENCE, JJ., concur.