722 So.2d 849 (1998)
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, Appellant,
v.
TINGLEY SYSTEMS, INC., a Florida corporation, Appellee.
No. 98-01861.
District Court of Appeal of Florida, Second District.
November 13, 1998.
Rehearing Denied December 9, 1998.
Herbert J. Baumann, Jr., Lisa A. Oonk and Jane M. Wieder of Butler, Burnette & Pappas, Tampa, for Appellant.
Robert L. Rocke and Jodi L. Corrigan of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for Appellee.
BLUE, Acting Chief Judge.
We affirm the trial court's order granting Tingley Systems, Inc.'s motion for partial summary judgment determining that St. Paul Fire and Marine Insurance Company had a duty to defend Tingley in a separate civil action. See Thomas v. Prudential Property and Cas., 673 So.2d 141, 142 (Fla. 5th DCA 1996) (stating that insurance contracts must be read in light of skill and experience of ordinary people and given their everyday meaning as understood by the "man on the street"); Lunsford v. American Guarantee & Liab. Ins. Co., 18 F.3d 653 (9th Cir.1994) (holding that the term "malicious prosecution" as used in a general liability insurance policy was ambiguous because it was not defined in the policy and also because a layman might not analyze the term in the same manner as an attorney or insurance expert). An insurer's duty to defend its insured is distinct from, and broader than, its duty to indemnify its insured. See Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 813 (Fla. 1st DCA 1985). We point out that even though St. Paul is obligated to provide a defense, its liability for coverage has not yet been determined.
Affirmed.
FULMER and CASANUEVA, JJ., Concur.