722 So.2d 849 (1998)
Erika MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2946.
District Court of Appeal of Florida, First District.
November 17, 1998.
*850 Nancy A. Daniels, Public Defender, and Angela Shelley, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and J. Ray Poole, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Erika Morris challenges the denial of her motion for judgment of acquittal on charges of aggravated battery on a law enforcement officer. The information charged in the alternative that appellant, in committing the battery, "caused great bodily harm, permanent disability, or permanent disfigurement or used a deadly weapon." The State asserted that appellant's dog was the "deadly weapon" used in the battery. When Appellant moved for judgment of acquittal, the trial court granted the motion as to great bodily harm and permanent disability, but denied the motion as to permanent disfigurement and deadly weapon. Thereafter the jury returned a general verdict of guilty as charged. Appellant did not seek a special interrogatory verdict. We affirm.
The trial court did not err in denying appellant's motion for judgment of acquittal. In moving for a judgment of acquittal, the defendant admits not only the facts stated and evidence adduced but also every conclusion favorable to the State that a jury might reasonably infer from the evidence. Dixon v. State, 691 So.2d 515 (Fla. 1st DCA 1997). The court should not grant a motion for acquittal unless the evidence is such that no view of the evidence the jury may lawfully take favorable to the State can be sustained. Id.
No Florida case has addressed whether a dog may be a deadly weapon. Other jurisdictions, however, have found that a dog can be a dangerous or deadly weapon. See, e.g. People v. Nealis, 232 Cal.App.3d Supp. 1, 283 Cal.Rptr. 376 (Cal.1991); Perkins v. State, 197 Ga.App. 577, 398 S.E.2d 702 (Ga.Ct.App.1990); State v. Bowers, 239 Kan. 417, 721 P.2d 268 (Kan.1986); People v. Kay, 121 Mich.App. 438, 328 N.W.2d 424 (Mich.Ct.App.1982); Michael v. State, 160 Ga.App. 48, 286 S.E.2d 314 (Ga.Ct.App.1981). See also Vitauts M. Gulbis, Annotation, Dog as Deadly or Dangerous Weapon for Purposes of Statutes Aggravating Offenses Such as Assault and Robbery, 7 A.L.R. 4th 607, 609 (1996)("Where the relevant statute defining dangerous or offensive weapon broadly includes any instrumentality so constructed or used as to be likely to produce death or serious bodily harm, courts have extended the characterization of offensive or dangerous weapon to include dogs used to attack or intimidate the victim.")
In Florida the definition of "deadly weapon" is broad and does not preclude finding a dog to be a deadly weapon. This Court and other Florida courts have defined "deadly weapon" as:
1) any instrument which, when it is used in the ordinary manner contemplated by its design and construction, will or is likely to cause great bodily harm, or 2) any instrument likely to cause great bodily harm because of the way it is used during a crime.
Taylor v. State, 672 So.2d 580, 582 (Fla. 1st DCA 1996)(citing D.C. v. State, 567 So.2d 998,1000 (Fla. 1st DCA 1990)).
Whether appellant's dog was a deadly weapon under the circumstances at issue was a fact question to be determined by the jury. See Coronado v. State, 654 So.2d 1267 (Fla. 2d DCA 1995); see also People v. Nealis, 283 Cal.Rptr. at 379 ("We emphasize, however, that whether or not a particular dog is a `deadly weapon or instrument' will depend upon the circumstances of each case.") Here, there was evidence from which a jury could lawfully find that appellant's dog was a deadly weapon: the dog was a large mixed *851 breed dog that, according to the officer, "looked like a Rottweiler"; the officer testified that the appellant gave the dog a "sic" command, and the dog, in fact, bit the officer on the right calf and thigh. On appeal of a trial court ruling denying a motion for judgment of acquittal, we must view the evidence in a light most favorable to the non-moving party. Dixon. No reversible error is shown by the denial of appellant's motion for judgment of acquittal.
The defense in this case did not object to the use of a general verdict. Accordingly, the case went to the jury on the alternative theories of permanent disfigurement or use of a deadly weapon. Because we affirm on the ground of use of a deadly weapon, we need not reach the sufficiency of the evidence on permanent disfigurement. See Mungin v. State, 689 So.2d 1026, 1030 (Fla.1995) ("[R]eversal is not warranted where the general verdict could have rested upon a theory of liability without adequate evidentiary support when there was an alternative theory of guilt for which the evidence was sufficient.") See also San Martin v. State, 717 So.2d 462, 23 Fla. Law Weekly S335 (Fla.1998).
AFFIRMED.
BARFIELD, C.J., KAHN and WEBSTER, JJ., Concur.