FILED

**NOT FOR PUBLICATION**

MAR 03 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE SCHOBY, Jr., | No. 09-17870 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-05431-SI |
| v. | |
| A. HEDGPETH, Warden, | MEMORANDUM[*] |
| Respondent - Appellee | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted February 14, 2011[**]
San Francisco, California

Before: O'SCANNLAIN and TROTT, Circuit Judges, and Campbell,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Tena Campbell, Senior United States District Judge
for the District of Utah, sitting by designation.

Petitioner Willie Schoby Jr. appeals the district court's denial of his petition for a writ of habeas corpus. A jury convicted Mr. Schoby of false imprisonment, assault and two counts of rape. The jury also found that Mr. Schoby had personally used a dangerous or deadly weapon during the course of one of the rapes in violation of California Penal Code § 667.61(e)(4) (the "One Strike" law).[1] The district court issued a certificate of appealability on the issue of whether Mr. Schoby was denied due process by defects in the jury instructions and verdict form that may have caused the jury to misunderstand the findings necessary for its decision that Mr. Schoby had used a deadly or dangerous weapon. The facts need not be repeated here because they are already known by the parties. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Mr. Schoby claims that the California Supreme Court's decision was unreasonable in light of *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). However, the California Supreme Court could have concluded that even though the jury did not believe that Mr. Schoby used a bat *and* a crowbar, the jury believed Mr. Schoby used a bat during the rape. *See People v. Schoby*, No. A107821/A108061, 2006 WL 952648, at *3 (Cal. Ct. App. Apr. 13, 2006). Alternatively, the court could

---

[1] In 2006, California Penal Code § 667.61(e)(4) was replaced by the almost-identical California Penal Code § 667.61(e)(3).

have concluded that the jury considered a belt to be a deadly or dangerous weapon. *See People v. Nealis*, 283 Cal. Rptr. 376, 378 n.2 (Cal. App. Dep't Super. Ct. 1991) ("deadly weapon" has been defined to include objects such as a pillow, a fingernail file, and a rock). We conclude that Mr. Schoby has failed to show that there was "no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). Therefore, the California Supreme Court's decision was not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

    **AFFIRMED.**