Filed 5/15/15  P. v. Aragon CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049673 |
| v. | (Super. Ct. No. 13NF2068) |
| MARK ANTHONY ARAGON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, W. Michael Hayes, Judge.  Affirmed.

Jeannie G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Mark Anthony Aragon was convicted of, inter alia, assault with a

deadly weapon for throwing a bicycle at a man who was at a park with his family. Appellant argues there is insufficient evidence the bicycle constituted a deadly weapon, but given the size of the bicycle and the violent manner in which appellant used it, the jury could reasonably conclude otherwise. We therefore affirm the judgment.

FACTS

One afternoon, Manuel Hernandez took his family to a park in Anaheim for a picnic. While his children were playing on the swings, Manuel and his wife Norma began setting out snacks at a nearby picnic table. Everything was going fine until appellant arrived on the scene. With a magazine picture of a bikini-clad woman hanging from his mouth, he approached Manuel and asked him if he liked the picture. Manuel said he did not want any trouble, but appellant grabbed his crotch, paced the area and began making strange movements with his head and shoulders. Fearing for his family's safety, Manuel stood up and told appellant to leave. Instead, appellant tried to grab a glass soda bottle that was on the picnic table. After Manuel thwarted that attempt, Norma called the police on her cell phone.

At that point, appellant and Manuel were standing across the picnic table from each other, and the bicycle of Manuel's nine-year-old daughter – a single-gear beach cruiser – was resting on its kickstand next to appellant.[1] Without warning, appellant picked up the bicycle and threw it across the picnic table at Manuel. Manuel raised his arms for protection, and the bicycle hit his left forearm and "went over [his] head." Although the force of the impact bruised Manuel's forearm, he did not require any medical attention as a result of the incident. At trial, Manuel described the bicycle as being metal and heavy, but he could not say how much it weighed.

Following the bike-throwing incident, Norma called the police several more times. Appellant told her, "Don't be calling the police or I'm going to take your phone

---

[1]      A photograph of the bicycle was admitted into evidence at trial and has been transmitted to this court to facilitate our understanding of the case.

2

away." He then held up five fingers and told Norma's family he knew where they lived and was going to kill them all. Appellant also made hand signs and took a cup of oatmeal from the picnic table and threw it at Manuel. After that, appellant grabbed some cookies from the table, chewed them up and spit them out on the ground.

A few minutes later, the police arrived and took appellant into custody. He was consequently tried by jury and convicted of assault with a deadly weapon, battery, petty theft, making criminal threats and attempting to dissuade a witness. The trial court sentenced him to four years in prison for his crimes.

DISCUSSION

The sole issue on appeal is whether there is sufficient evidence to support the jury's finding appellant assaulted Manuel with a deadly weapon. We believe there is.

In reviewing the sufficiency of the evidence to support a criminal conviction, we review the record "to determine whether it contains substantial evidence – i.e., evidence that is credible and of solid value – from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." (*People v. Green* (1980) 27 Cal.3d 1, 55.) We do not reweigh the evidence or reevaluate the credibility of the witnesses who testified at trial but instead "presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.]" (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) Reversal is not required unless under no hypothesis whatsoever is there substantial evidence to support the verdict. (*People v. Cravens* (2012) 53 Cal.4th 500, 508.)

Appellant was found guilty of violating Penal Code section 245, subdivision (a)(1), which makes it a crime to assault a person "with a deadly weapon or instrument other than a firearm[.]" That provision encompasses "any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to

3

produce, death or great bodily injury" (*In re Jose R.* (1982) 137 Cal.App.3d 269, 275-76), meaning injury that is "significant or substantial" in nature.  (*People v. Duke* (1985) 174 Cal.App.3d 296, 302.)

As our Supreme Court has explained, some objects, "such as dirks and blackjacks, have been held to be deadly weapons as a matter of law; the ordinary use for which they are designed establishes their character as such.  [Citations.]  Other objects, while not deadly per se, may be used, under certain circumstances, in a manner likely to produce death or great bodily injury.  In determining whether an object not inherently deadly or dangerous is used as such, the trier of fact may consider the nature of the object, the manner in which it is used, and all other facts relevant to the issue.  [Citations.]" (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028-1029.)

Bicycles are not inherently deadly objects.  But looking at the circumstances of this case, it is clear appellant's actions created a very dangerous situation for the victim.  For starters, the bicycle he threw at Manuel was no mere tricycle or lightweight starter bike.  Rather, it was a metal beach cruiser that belonged to Manuel's nine-year-old daughter and that Manuel described as "heavy."  (See *People v. Graham* (1969) 71 Cal.2d 303, 327-328 [listing "heavy objects" among the sort of ordinary items that can constitute a deadly weapon if they are used in a dangerous manner].)  Although appellant attempts to downplay the dangerousness of the bicycle by characterizing it as a "blunt" object, it has several components – handlebars, pedals, chain, kickstand – that are sharp, jagged and irregular and that could easily cause great bodily injury if they forcefully came into contact with a person.  Anyone who has ever fallen onto their bicycle before can attest to the fact it is much more hazardous than falling onto a featureless or flat surface.

As for the manner in which Manuel used the bicycle, the record shows that after repeatedly menacing Manuel and his family, appellant picked up the bicycle and threw it two or three feet across the width of a picnic table.  Appellant heaved the bicycle

4

with such force that even after it struck Manuel's forearm, it continued going "over [his] head." These facts could easily be interpreted as an attempt by appellant to inflict serious physical harm on Manuel. Granted, Manuel suffered only a minor injury from the assault. But guilt for assault with a deadly weapon does not depend on the extent of the victim's injuries. (*People v. Muir* (1966) 244 Cal.App.2d 598, 604.) Instead, liability is predicated on the *likelihood* of serious injury resulting from the defendant's action. It is "the injury-producing potential" of those actions that is the focus of our analysis. (*People v. Russell* (2005) 129 Cal.App.4th 776, 788.)

Appellant insists he threw the bicycle "with only enough force to cause a bruise." That's true in the sense Manuel only suffered a bruise as a result of what appellant did. But to characterize the severity of appellant's actions in that limited fashion is somewhat misleading because it fails to take account of the context in which his conduct occurred. Widening the lens on appellant's behavior, it would be more accurate to say he threw the bicycle with only enough force to bruise Manuel's forearm *after Manuel raised his arms in self-defense*. Had Manuel not taken defensive measures in response to appellant's aggressive and threatening behavior, it is quite likely he would have suffered serious injury to another part of his body. Indeed, there can be little doubt that, by hurling the bicycle toward Manuel's upper body, appellant created a very dangerous situation for Manuel.

Appellant draws our attention to *D.B.B. v. State* (Fla.App. 2008) 997 So.2d 484. However, that case does not help his cause. There, a minor threw his bicycle toward his mother during an argument, but she moved backwards, and it landed well short of her. Thus, the manner in which the bicycle was used was not likely to cause death or great bodily injury. (*Id*. at p. 485.) Moreover, because the bicycle was not meaningfully described in the record, there was insufficient evidence to prove its character was such that it could be considered a deadly weapon. (*Id*. at p. 486; accord, *People v. Beasley* (2003) 105 Cal.App.4th 1078, 1087-1088 [finding there was

5

insufficient evidence to prove a broomstick and vacuum attachment were deadly weapons because, inter alia, the record failed to reveal the nature and characteristics of those objects].)

Here, in contrast, the bicycle in question actually hit and injured Manuel when appellant threw it at him, and a photograph of the bicycle was admitted into evidence, so the jury could get a very good sense of the damage it could cause. (See *People v. White* (1963) 212 Cal.App.2d 464, 465 [rock adequately described so as to permit jury to find it was used as a deadly weapon].) Under these circumstances, we are convinced there is sufficient evidence to support the jury's determination the bicycle constituted a deadly weapon. Although bicycles are generally not thought of as weapons, appellant's actions demonstrate that, like many other ordinary objects, such as pillows (*People v. Helms* (1966) 242 Cal.App.2d 476), pins (*In re Jose R., supra*, 137 Cal.App.3d at p. 277) and pencils (*People v. Page* (2004) 123 Cal.App.4th 1466), bicycles can be utilized in a manner that makes them a serious danger to others. We therefore have no occasion to disturb the jury's verdict.

## DISPOSITION

The judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.


6