[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11737

_____

D.C. Docket No. 1:15-cr-20970-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN DESHAZIOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 20, 2018)

Before JORDAN and JILL PRYOR, Circuit Judges, and REEVES,[*] District Judge.

REEVES, District Judge:

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Edwin Deshazior appeals his 180 month sentence following his conviction for being a felon in possession of a firearm. He argues that he should not have received a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 924(e)(1) and 924(e)(2)(B), because he did not have three prior convictions for violent felonies under the act and because his prior felony convictions were not alleged in his indictment. After careful review, we affirm.

## I.

Miami-Dade police officers found Edwin Deshazior in possession of a Smith & Wesson Model 10-8 revolver and four .38 caliber rounds of ammunition on December 6, 2015. He subsequently pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The Probation Office prepared a Presentence Investigation Report ("PSI") which indicated that Deshazior was subject to a fifteen-year statutory mandatory minimum sentence under the ACCA based on the following prior felony convictions under Florida law: (i) a 1989 conviction for sexual battery (Fla. Stat. § 794.011(3) (1989)); (ii) a 1989 conviction for aggravated assault (Fla. Stat. §§ 784.011, 784.021 (1989)); (iii) a 1993 conviction for attempted sexual battery (Fla. Stat. §§ 794.011(3), 777.011 (1991)); (iv) a 1993 conviction for kidnapping (Fla. Stat. §§ 787.01, 775.087 (1991)); and (v) a 2005 conviction for resisting an officer

2

with violence (Fla. Stat. § 843.01 (2005)).

Deshazior objected, arguing that his prior convictions did not constitute violent felonies under the ACCA. He further contended that his sentence could not be enhanced based on these prior convictions because they were not alleged in the indictment. The district court overruled Deshazior's objections and sentenced him to serve the statutory mandatory minimum term of 180 months, followed by five years of supervised release. This appeal followed.

## II.

The ACCA requires that a fifteen-year mandatory minimum sentence be imposed on defendants convicted of felon in possession offenses who also have three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another [(the "elements clause")]; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives [(the "enumerated offenses clause")], or otherwise involves conduct that presents a serious potential risk of physical injury to another [(the "residual clause")][.]

18 U.S.C. § 924(e)(2)(B). Sexual battery, aggravated assault, attempted sexual battery, kidnapping, and resisting an officer with violence do not appear in the enumerated offenses clause. And after *Johnson v. United States*, 135 S. Ct. 2551

3

(2015), the residual clause no longer applies.  As a result, this case turns on whether three of Deshazior's prior felony convictions constitute violent felonies under the ACCA's elements clause.  18 U.S.C. § 924(e)(2)(B)(i).

We review *de novo* whether a defendant's prior convictions qualify as violent felonies under the ACCA.  *United States v. Hill*, 799 F.3d 1318, 1321 (11th Cir. 2015) (citing *United States v. Petite*, 703 F.3d 1290, 1292 (11th Cir. 2013)).  Constitutional challenges to a defendant's sentence are also reviewed *de novo*.  *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013) (citing *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005)).

## A.    Aggravated Assault

Deshazior's argument that aggravated assault under Fla. Stat. § 784.021 is not a violent felony is foreclosed by our prior precedent.  In *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1337-38 (11th Cir. 2013), we held that Fla. Stat. § 784.021 qualifies as a violent felony under the ACCA's elements clause.  *Turner* is binding in this circuit "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*."  *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010) (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001)).

Deshazior argues that *Turner* is not controlling because it incorrectly applied *United States v. Palomino Garcia*, 606 F.3d 1317, 1334-36 (11th Cir. 2010), which

4

held that, for purposes of the Sentencing Guidelines, crimes that can be accomplished with a *mens rea* of recklessness do not involve the "use of physical force." We recently rejected a similar argument, explaining that "even if *Turner* is flawed, that does not give us, as a later panel, the authority to disregard it." *United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017) (holding that a Florida conviction for aggravated assault is a crime of violence under U.S.S.G. § 2K2.1(a)(2) cmt. n.1); *see also In re Hires*, 825 F.3d 1297, 1301 (11th Cir. 2016). Thus, Deshazior's 1989 conviction for aggravated assault constitutes a violent felony under the ACCA.

### B.      Resisting an Officer with Violence

Deshazior's argument that resisting an officer with violence under Fla. Stat. § 843.01 is not a violent felony is also foreclosed by prior precedent. We previously held that Fla. Stat. § 843.01 qualifies as a violent felony under the ACCA's elements clause. *See Hill*, 799 F.3d at 1322-23; *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012).

Deshazior contends that these cases were wrongly decided because the least act criminalized by the statute includes conduct which does not involve the "use of physical force," and so the statute is overbroad and cannot be used to enhance a defendant's sentence under the ACCA. *See Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013); *Descamps v. United States*, 133 S. Ct. 2276, 2290 (2013).

5

Specifically, Deshazior argues that resisting an officer with violence can be accomplished by "wiggling and struggling." *State v. Green*, 400 So. 2d 1322, 1323 (Fla. Dist. Ct. App. 1981).

Again, however, we have previously rejected Deshazior's argument. In *Romo-Villalobos*, we reviewed the Florida cases Deshazior has cited, and found that they did not establish that *de minimis* force, such as wiggling and struggling, was sufficient to establish violence under § 843.01. *See Romo-Villalobos*, 674 F.3d at 1249-50. As we noted with respect to *Turner*, *supra*, *Romo-Villalobos* is binding in this circuit "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*." *Sneed*, 600 F.3d at 1332 (citing *Smith*, 236 F.3d at 1300 n.8). Accordingly, Deshazior's 2005 conviction for resisting an officer with violence is a conviction for a violent felony under the ACCA.

### C.    Sexual Battery

Deshazior next argues that his 1989 conviction for sexual battery and his 1993 conviction for attempted sexual battery are not convictions for violent felonies under the ACCA's elements clause. As a provisional matter, he argues that the government failed to establish that he was convicted of sexual battery in 1989 because it did not provide the judgment pertaining to that charge. *See United States v. Day*, 465 F.3d 1262, 1266 (11th Cir. 2006); *United States v. Spell*, 44 F.3d

6

936, 939-40 (11th Cir. 1995).  However, he concedes that the government did properly establish that he was convicted of attempted sexual battery in 1993, and that the same ACCA analysis applies to both offenses.  As a result, we need not resolve this issue, and will proceed to examine the sexual battery conviction.

The Florida sexual battery statute, Fla. Stat. § 794.011, sets out a list of applicable definitions.  It defines "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose."  Fla. Stat. § 794.011(1)(h). In *United States v. Harris*, 608 F.3d 1222, 1226 & n.3 (11th Cir. 2010), we accepted the government's concession that this definition, which was incorporated in the Florida statute for lewd or lascivious battery, does not require as an element the use, attempted use, or threatened use of physical force, because it can be accomplished by "union . . . with the sexual organ of another".  Under Florida law, this means "contact."  *Harris* does not drive the result here because we only accepted the government's concession for purposes of that case, and because the statute under consideration regarding Deshazior's conviction also requires that the sexual battery be accomplished with the use or threatened use of a deadly weapon.

The remaining sections of Fla. Stat. § 794.011 specify that a conviction for "sexual battery" is a different degree of felony, carrying a different punishment,

depending on various factors, such as the victim's age, the victim's physical and mental state, and whether the perpetrator threatened, coerced, or drugged the victim, or used or threatened to use a deadly weapon in the process of committing the sexual battery.  *See* Fla. Stat. § 794.011(2)-(10).

Florida courts have treated the various sections of § 794.011 as distinct crimes with different elements, and the Florida Standard Jury Instructions provide different instructions for the different sections of § 794.011.  *See Gould v. State*, 577 So. 2d 1302 (Fla. 1991); *Shaara v. State*, 581 So. 2d 1339 (Fla. Dist. Ct. App. 1991); Fla. Std. Jury Instr. 11.1-11.6(a) (1989).  Accordingly, § 794.011 essentially defines "multiple crimes" and is divisible.  *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).  Because the statute is divisible, we employ the modified categorical approach to "determine which statutory phrase was the basis for the conviction."  *Descamps*, 133 S. Ct. at 2283-84 (quoting *Johnson*, 559 U.S. at 144). Once we have determined under which statutory phrase the defendant was necessarily convicted, we use the categorical approach to analyze whether that phrase requires the use, attempted use, or threatened use of physical force as required by the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i).  *United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014).

The information for Deshazior's 1989 sexual battery conviction indicates that he was charged under Fla. Stat. § 794.011(3) for sexual battery with a deadly

weapon, to wit: a handgun.  The prosecution must prove four elements beyond a reasonable doubt for an individual to be convicted under this provision: (i) sexual battery, (ii) upon a person twelve years of age or older, (iii) without that person's consent, and (iv) with the use or threatened use of a deadly weapon, or actual physical force likely to cause serious personal injury.  *See* Fla. Stat. § 794.011(3); Fla. Std. Jury Instr. 11.2 (1989).  Because Deshazior was charged with sexual battery with a deadly weapon, the use or threatened use of a deadly weapon is an essential element of the crime of his conviction.  *See Holloway v. State*, 668 So. 2d 627, 628 n.5 (Fla. Dist. Ct. App. 1996); *Ellis v. State*, 608 So. 2d 514, 515 (Fla. Dist. Ct. App. 1992); *Stradley v. State*, 554 So. 2d 1200 (Fla. Dist. Ct. App. 1989).

The issue presented here is whether sexual battery with the use or threatened use of "a deadly weapon" can be accomplished without "the use, attempted use, or threatened use of physical force."  18 U.S.C. § 924(e)(2)(B)(i).  If it can, then the statute is overbroad, and cannot be used to enhance a defendant's sentence under the ACCA.  *See Descamps*, 133 S. Ct. at 2290.  If it cannot, then the statute qualifies as a violent felony under the ACCA.  The Supreme Court has explained that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another."  *Johnson*, 559 U.S. at 140.  In deciding whether an element requires the use of such force, we focus on the least culpable conduct criminalized by the statute.  *Moncrieffe*, 569 U.S. at 191.  However, we resist

9

engaging in "florid exercise[s] of legal imagination" which "pose highly improbable ways" of violating the statute. *United States v. Vail-Bailon*, 868 F.3d 1293, 1307 (11th Cir. 2017) (en banc).

The jury instructions for sexual battery under Fla. Stat. § 794.011(3) at the time of Deshazior's offense provide that "[a] weapon is a 'deadly weapon' if it is used or threatened to be used in a way likely to produce death or great bodily harm." Fla. Std. Jury Instr. 11.2 (1987). The jury instructions for aggravated battery under Fla Stat. § 784.045 similarly provide that "[a] weapon is a 'deadly weapon' if it is used or threatened to be used in a way likely to produce death or great bodily harm." Fla. Std. Jury Instr. 8.4 (1989); *see also Smith v. State*, 969 So. 2d 452, 454-55 (Fla. Dist. Ct. App. 2007). In the aggravated battery context, Florida courts have held that a "deadly weapon" may include bleach "sloshed" into a victim's face, *id.* at 455, and a large dog given a command to "sic" the victim. *Morris v. State*, 722 So. 2d 849, 850-51 (Fla. Dist. Ct. App. 1998)

Deshazior offers two related arguments in support of his position that, for purposes of the Florida sexual battery statute, the use or threatened use of "a deadly weapon" does not require the use, attempted use, or threatened use of "physical force." First, he argues that a defendant could satisfy this element by committing a sexual battery with a "deadly weapon" that does not require the direct application of "physical force," such as poison, anthrax, or a chemical

10

weapon.  Second, heeding our warning not to engage in "florid exercise[s] of legal imagination," *Vail-Bailon*, 868 F.3d at 1307, he argues that under existing Florida law a defendant could satisfy the "deadly weapon" requirement by sloshing bleach into the victim's face, or commanding his dog to "sic" the victim.  Deshazior contends that doing so would not involve the use of "*violent* force—that is, force capable of causing physical pain or injury to another."  *Johnson*, 559 U.S. at 140.  We disagree.

When a statute requires the use of force "capable of causing physical pain or injury to another person," *id.*, whether that use of force "occurs indirectly, rather than directly (as with a kick or punch), does not matter."  *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014).  Poisoning someone, "sloshing" bleach in a victim's face, or saying the word "sic" to a dog may not involve the direct application of violent force.  However, neither does pulling the trigger of a gun. *Id.*  Instead, in each instance, the actor knowingly employs a device to indirectly cause physical harm—from a bullet, a dog bite, or a chemical reaction.  *See id.*

The force initiated in each of Deshazior's examples constitutes "physical force" under the ACCA because it is "capable of causing physical pain or injury." *Vail-Bailon*, 868 F.3d at 1301.  Because it does not matter whether that use of force occurs indirectly rather than directly, we reject Deshazior's argument that a defendant can use or threaten to use "a deadly weapon" under Fla. Stat. §

11

794.011(3) without using, attempting to use, or threatening to use "physical force." 18 U.S.C. § 924(e)(2)(B)(i).

Accordingly, a conviction for sexual battery with a deadly weapon under Fla. Stat. § 794.011(3) is a conviction for a violent felony under the ACCA's elements clause. Deshazior has three qualifying prior felony convictions under the ACCA. As a result, we need not address whether his prior felony conviction for kidnapping under Fla. Stat. § 787.01 is also a qualifying violent felony.

### D.    Prior Convictions Not Alleged in the Indictment

Finally, Deshazior argues that enhancing his sentence based on his prior convictions was unconstitutional, because his prior convictions were not alleged in his indictment nor proved to a jury beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000). As we have previously explained, "*Almendarez–Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), forecloses [this] argument." *United States v. Sparks*, 806 F.3d 1323, 1350 (11th Cir. 2015). The district court could enhance Deshazior's sentence based on his prior convictions for violent felonies, even though the prior convictions were not identified in his indictment.

### III.

Under this Court's prior precedent, Florida convictions for aggravated assault and resisting an officer with violence are categorically violent felonies

12

under the ACCA.  Sexual battery with a deadly weapon under Fla. Stat. §

794.011(3) is also a violent felony under the ACCA.  Because Deshazior had three

qualifying predicate felony convictions, the district court did not err by enhancing

his sentence under the ACCA.  Accordingly, his sentence is **AFFIRMED.**