[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13320
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20181-JEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO LEE DURAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 7, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Ricardo Duran appeals his sentence of 40 months of imprisonment, imposed below the advisory guideline range, after pleading guilty to one count of illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). Duran presents two issues on appeal: (1) whether his sentence was substantively unreasonable when the reason he returned to the United States was to care for his children while his wife underwent surgery; and (2) whether the district court violated the Sixth Amendment by increasing his statutory maximum sentence based on prior convictions that were neither charged in the indictment nor proved beyond a reasonable doubt. After careful review, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court abuses its discretion under this standard only if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation marks omitted).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the

2

defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1).

The district court must consider all of the § 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others. *Rosales-Bruno*, 789 F.3d at 1254. Nevertheless, a district court's unjustified reliance on any one § 3553(a) factor may be indicative of a substantively unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). The party challenging the sentence bears the burden of demonstrating that the sentence "is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Rosales-Bruno*, 789 F.3d at 1256.

When evaluating the reasonableness of a sentence, we ordinarily expect that a sentence imposed within the guideline range is reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). If a sentence is imposed well below the statutory maximum, that too is an indication that the sentence is reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, the district court did not abuse its discretion, and Duran's sentence is substantively reasonable. To begin with, Duran's 40-month sentence is below the advisory guideline range of 46 to 57 months of imprisonment—based on an offense level of 19 and a criminal-history category of IV—and well below the

3

statutory maximum of 20 years under 8 U.S.C. § 1326(b)(2).  Both of these facts suggest that his sentence is reasonable.  *See Gonzalez*, 550 F.3d at 1324; *Hunt*, 526 F.3d at 746.

Duran argues that a greater downward variance was warranted because the reason he violated § 1326 was "so very compelling."  He states he tried to reenter the United States to take care of his two daughters while his wife underwent surgery to remove a tumor.  He contends that, because of his own traumatic childhood, he was determined to ensure his children would not be placed in foster care and suffer the same abuse he did as a child.

However, the district court did not abuse its discretion in refusing to grant Duran the significant downward variance requested.  The court considered his arguments on this issue and found the circumstances of his return to be mitigating.  But the court reasonably concluded that a sentence of 40 months was appropriate in light of the record and the § 3553(a) sentencing factors, including the history and characteristics of the defendant, the need to promote respect for the law, and the need to provide adequate deterrence.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(B).  While Duran may have felt compelled to return to the United States, and while it is not hard to sympathize with his desire to care for and be with his wife and children, the fact remains he was barred from reentry, having twice been deported following convictions for drug trafficking and money laundering in 2006.

4

*See* 8 U.S.C. § 1326.  And his reentry in this case occurred less than a year from the date of his second deportation, after he had served a prison sentence of 37 months for a prior reentry offense.  Based on these facts, we cannot say that the district court was unreasonable in deciding not to give Duran's reason for reentering the United States more weight.

In short, the district court did not ignore a relevant factor, emphasize an improper factor, or unreasonably weigh the relevant factors, and, therefore, did not abuse its discretion.  *See Rosales-Bruno*, 789 F.3d at 1256.  Considering the advisory guideline range, the statutory maximum, and Duran's personal characteristics and criminal history, including a prior reentry offense for which he served time in prison, Duran has not established that his sentence of 40 months of imprisonment is "unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."  *See id.*

As for Duran's contention that the district court violated his rights under the Sixth Amendment, that argument is foreclosed by binding precedent.[1]  In *Almendarez-Torres*, the Supreme Court held that prior convictions need not be alleged in the indictment or proved to a jury beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998).  Though the

---

[1] We ordinarily review the constitutionality of a statute *de novo* because it is a question of law.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  However, we review this issue for plain error because Duran raises it for the first time on appeal.  *Id.*  In any case, Duran cannot establish any error, plain or otherwise.

Court has questioned the validity of that rule, *see, e.g.*, *Apprendi v. New Jersey*, 530 U.S. 487–90 (2000), it has not yet reconsidered *Almendarez-Torres*'s holding. Unless and until the Court does so, we remain bound by *Almendarez-Torres*. *United States v. Deshazior*, 882 F.3d 1352, 1358 (11th Cir. 2018); *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004).

For these reasons, Duran's sentence is affirmed.

**AFFIRMED.**