[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10603
Non-Argument Calendar

_____

D.C. Docket Nos. 9:16-cv-81059-DTKH; 9:12-cr-80220-DTKH-1

BRANDON BIVINS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 28, 2018)

Before TJOFLAT, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Brandon Bivins, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 235-month sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  After review, we affirm.

## I.  BACKGROUND FACTS

### A.    Conviction and Sentencing

In 2013, a jury convicted Bivins of one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e).

Bivins's presentence investigation report ("PSI") stated that Bivins had three prior convictions that qualified him as an armed career criminal under the ACCA and U.S.S.G. § 4B1.4.  The PSI identified these three Florida felony convictions: (1) a 1994 conviction for aggravated assault; (2) a 1996 conviction for aggravated assault with a deadly weapon; and (3) 1997 convictions for possession of cocaine with intent to deliver or sell and possession of marijuana with intent to deliver or sell.  As an armed career criminal, Bivins was subject to a mandatory minimum 15-year sentence and a statutory maximum term of life.  In addition, Bivins's advisory guidelines range was increased from 84 to 105 months' to 235 to 293 months' imprisonment.

At his April 25, 2013 sentencing hearing, Bivins did not object to his designation as an armed career criminal or argue that his Florida aggravated assault convictions did not qualify as violent felonies under the ACCA.  Indeed, in

addressing the sentencing court, Bivins acknowledged that he was an armed career criminal, but pointed out that he was a juvenile when he committed his prior felonies, and asked the sentencing court to give him only the 180 months' mandatory minimum sentence. The district court found that Bivins's advisory guidelines range was 235 to 293 months' imprisonment and imposed a 235-month sentence. The PSI, the parties, and the sentencing court did not reference or discuss under which clause of the ACCA any of Bivins's prior felony convictions qualified as violent felonies.

## B.    Direct Appeal

On direct appeal, Bivins raised two trial issues and argued that his 235-month sentence was substantively unreasonable, but he did not challenge his status as an armed career criminal under the ACCA and U.S.S.G. § 4B1.4. See United States v. Bivins, 560 F. App'x 899, 905-08 (11th Cir. 2014). This Court affirmed Bivins's conviction and sentence. Id. at 908.

## C.    Section 2255 Proceedings

After Bivin's direct appeal, the Supreme Court issued Johnson v. United States, which invalidated the ACCA's residual clause as unconstitutionally vague. See Johnson, 576 U.S. ___, ____, 135 S. Ct. 2551, 2563 (2015).

On June 23, 2016, Bivins filed his counseled § 2255 motion, arguing that after Johnson, his prior Florida convictions for aggravated assault no longer

3

qualified as violent felonies under the ACCA.[1]  Bivins did not contend that in 2013 the sentencing court had relied on the now-void residual clause to impose his ACCA-enhanced sentence.  Instead, Bivins argued that now, under current law, his aggravated assault convictions could not qualify under either the elements clause or the enumerated offenses clause of the ACCA.

On November 3, 2017, a magistrate judge issued a report recommending that Bivins's motion be denied.  The report noted that Bivins did not dispute that his prior conviction for possession of cocaine and marijuana with intent to sell or deliver was a predicate offense under the ACCA.  The report concluded that Bivins's two Florida aggravated assault convictions qualified as violent felonies under the ACCA's elements clause, citing Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1338 (11th Cir. 2013).  The report rejected Bivins's argument that Turner was wrongly decided, and explained that in United States v. Golden, 854 F.3d 1256, 1257 (11th Cir.), cert. denied, ___ U.S. ___, 138 S. Ct. 197 (2017), this Court had recently said Turner remained binding precedent.

Over Bivins's objection, the district court adopted the report and denied Bivins's § 2255 motion.  In the same order, the district court sua sponte granted Bivins a certificate of appealability ("COA") as to "[w]hether the Movant's conviction for Florida aggravated assault, pursuant to Fla. Stat. § 784.021, qualifies

---

[1]In the district court, the government conceded that Bivins' § 2255 motion was timely under 28 U.S.C. § 2255(f)(3).  Therefore, we do not address the timeliness issue.

4

as a violent felony under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i)."[2]

## II.  DISCUSSION

### A.    Standard of Review

In reviewing a district court's denial of a § 2255 motion, this Court reviews the district court's legal conclusions de novo and its factual findings for clear error. Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014).  We review de novo whether a prior conviction is a predicate offense within the meaning of the ACCA. United States v. Robinson, 583 F.3d 1292, 1294 (11th Cir. 2009).  Regardless of the grounds stated in the district court's order or judgment, this Court may affirm on any ground supported by the record.  Castillo v. United States, 816 F.3d 1300, 1303 (11th Cir. 2016).

### B.    General Principles

The ACCA provides that a person convicted under 18 U.S.C. § 922(g) faces a fifteen-year mandatory minimum prison term if he has three or more prior convictions for a "violent felony or a serious drug offense."  18 U.S.C. § 924(e)(1).

---

[2]We note that the district court's COA does not specify an underlying constitutional issue as required by 28 U.S.C. § 2253(c) and Spencer v. United States, 773 F.3d 1132, 1137-38 (11th Cir. 2014) (en banc).  Nonetheless, given that Bivins's § 2255 motion based on Johnson raised a constitutional issue—whether Bivins was sentenced under the unconstitutionally vague residual clause of the ACCA—and given that the parties have briefed that constitutional issue on appeal, we sua sponte expand the COA accordingly.

5

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is referred to as the "elements" clause, while the second prong contains the "enumerated crimes" clause and what is commonly called the "residual" clause.  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

In Johnson, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague.  576 U.S. at ___, 135 S. Ct. at 2557-58, 2563.  The Supreme Court clarified, however, that its decision did not call into question the application of the ACCA's elements or enumerated crimes clauses.  Id. at ___, 135 S. Ct. at 2563.  Subsequently, the Supreme Court held that Johnson announced a new substantive rule that applied retroactively to cases on collateral review.  Welch v. United States, 578 U.S. ___, ___, 136 S. Ct. 1257, 1268 (2016).

## C.    Movant's Burden

While Bivins's § 2255 motion was pending in the district court, this Court, in Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), addressed what a § 2255 movant must show to be entitled to relief under Johnson.  To assert a claim

6

based on <u>Johnson</u>, the movant must contend that he was sentenced under the ACCA's now-void residual clause. <u>Beeman</u>, 871 F.3d at 1221. A claim that the movant was incorrectly sentenced under the ACCA's elements or enumerated crimes clauses is not a <u>Johnson</u> claim but rather a <u>Descamps</u> claim.[3] <u>Id.</u> at 1220.

To prevail on a <u>Johnson</u> claim, "the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." <u>See</u> <u>Beeman</u>, 871 F.3d at 1221-22. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." <u>Id.</u> at 1222.

Each case must be judged on its own record, and different kinds of evidence can be used to show that a sentencing court actually relied on the residual clause. <u>Id.</u> at 1224 n.4. For example, a record may contain direct evidence in the form of a sentencing judge's comments or findings indicating that the residual clause was essential to an ACCA enhancement. <u>Id.</u> Further, a record may contain sufficient circumstantial evidence, such as un-objected-to recommendations in the PSI that the enumerated offenses clause or the elements clause did not apply or concessions by the prosecutor that those two clauses did not apply. <u>Id.</u> In addition, the movant

_____

[3]<u>Descamps v. United States</u>, 570 U.S. 254, 133 S. Ct. 2276 (2013).

7

may point to precedent at the time of sentencing "holding, or otherwise making obvious," that the prior conviction "qualified as a violent felony only under the residual clause." Id. at 1224.

This inquiry is a question of "historical fact"—whether at the time of sentencing the defendant was sentenced solely under the ACCA's residual clause. Id. at 1224 n.5. A decision today that a prior conviction "no longer qualifies under present law as a violent felony under the elements clause (and thus could now qualify only under the defunct residual clause) would be a decision that casts very little light, if any, on the key question of historical fact . . . ." Id. at 1224 n.5.

In short, a § 2255 movant carries his burden of proof "only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." Id. at 1221. If the record is unclear or silent as to whether the sentencing court relied on the residual clause, then the movant has not met his burden, and his claim must be denied. Id. at 1224-25.

8

**D.  Bivins's <u>Johnson</u> Claim**

Here, Bivins does not dispute that at the time of his 2013 sentencing, his 1997 Florida conviction for possession of cocaine and marijuana with intent to sell or deliver qualified as a serious drug offense under 18 U.S.C. § 924(e)(2)(A). Thus, Bivins can make out a <u>Johnson</u> claim only if he can point to some evidence that the sentencing court relied on the now-void residual clause to find that his other two ACCA predicate convictions, both for Florida aggravated assault, qualified as violent felonies.

On appeal, Bivins concedes, and we agree, that the record "is completely silent" as to which clause of the ACCA the sentencing court relied on to find that his aggravated assaults were violent felonies.  The PSI identified the three predicate convictions, but did not state under which clause of the ACCA any of the three convictions qualified as predicates.  At the sentencing hearing, the parties did not discuss the issue, and the sentencing court did not make any explicit findings about the ACCA predicates because Bivins's armed-career-criminal status was not in dispute.

Finally, Bivins does not direct the Court's attention to any precedent from the time of his 2013 sentencing holding, or otherwise making obvious, that his Florida aggravated assault convictions qualified as violent felonies only under the residual clause.  To the contrary, Bivins admits that two months before his

9

sentencing, this Court issued its decision in <u>Turner</u>, which held that Florida aggravated assault qualified as a violent felony under the ACCA's elements clause. See <u>Turner</u>, 709 F.3d at 1337-38.

In other words, it is at least as likely, if not more so, that the sentencing court, in light of this Court's <u>Turner</u>, determined that Bivins's Florida aggravated assault convictions qualified under the elements clause. Under these circumstances, Bivins has not proved that it is more likely than not that he was sentenced as an armed career criminal under the now-void residual clause. See <u>Beeman</u>, 871 F.3d at 1225. Because under our <u>Beeman</u> precedent Bivins failed to carry his burden of proof, the district court did not commit reversible error in denying his § 2255 motion.

## E.    Florida Aggravated Assault

Alternatively, even without <u>Beeman</u> and even if we examined Bivins's Florida aggravated assault conviction under current law (rather than as a historical fact), Bivins has not shown that his two Florida aggravated assault convictions are not violent felonies under the ACCA's elements clause.

To qualify under the ACCA's elements clause, a felony crime must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has held that the phrase "physical force" in the elements clause means violent force, or "force

capable of causing physical pain or injury to another person." Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010).

Under Florida law, an aggravated assault occurs when the defendant commits an "assault," either with a deadly weapon without intent to kill or with the intent to commit a felony. Fla. Stat. § 784.0121 (1)(a)-(b). An assault, in turn, is defined by Florida law as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011 (1) (emphasis added).

As mentioned above, this Court held in Turner that Florida aggravated assault necessarily includes as an element the threatened use of physical force and thus satisfies the ACCA's elements clause. See Turner, 709 F.3d at 1338 (concluding that Florida aggravated assault will always include as an element the threatened use of physical force because "by its definitional terms, the offense necessarily includes an assault, which is an intentional unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so" (quotation marks omitted)).

Although Bivins argues that Turner was wrongly decided, this Court has repeatedly affirmed that Turner remains binding precedent. See, e.g., Golden, 854 F.3d at 1257 (concluding that Florida aggravated assault constitutes a crime of

11

violence under the identical elements clause in U.S.S.G. § 4B1.2); see also United States v. Deshazior, 882 F.3d 1352, 1355 (11th Cir. 2018) (concluding that a defendant's argument that Florida aggravated assault is not a violent felony under the ACCA's elements clause is foreclosed by Turner).  Thus, Bivins still has three qualifying ACCA predicate offenses and remains, even under current law, an armed career criminal under the ACCA.

## III.  CONCLUSION

For these reasons, Bivins has not shown that he is entitled to relief under Johnson.  Accordingly, we affirm the district court's denial of his § 2255 motion challenging his ACCA sentence based on Johnson.

**AFFIRMED.**