[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12343
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60008-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEDAREL LESHUN PRESTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 17, 2019)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tedarel Leshun Preston appeals his 15-year sentence -- which was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) -- imposed after he was found guilty of being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1).  On appeal, Preston argues that the district court erred when it determined that he was an armed career criminal; he says his Florida aggravated-assault conviction should not be an ACCA predicate offense.  He argues that *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015), should be overruled and that the analysis in *Turner* has been undermined to the point of abrogation.

We review *de novo* whether a defendant's prior convictions qualify as violent felonies under the ACCA.  *United States v. Hill*, 799 F.3d 1318, 1321 (11th Cir. 2015).  Under our prior-panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overturned or undermined to the point of abrogation by the Supreme Court or by us sitting *en banc*.  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (providing that "[w]hile an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point").

2

The ACCA provides that a defendant convicted of possession of a firearm by a convicted felon who has three previous convictions for a violent felony or a serious drug offense shall be imprisoned not less than 15 years.  18 U.S.C. § 924(e)(1).  "Violent felony" is defined, in relevant part, as a crime punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).  We have stated that, because the definition of "violent felony" under the ACCA is virtually identical to the definition of "crime of violence" used in provisions of the Sentencing Guidelines, case law interpreting the Guidelines definitions is instructive in the ACCA context.  *See United States v. Hall*, 714 F.3d 1270, 1272 (11th Cir. 2013) (comparing ACCA "violent felony" definition to U.S.S.G. § 2K2.1(a)(2), which incorporates identical "crime of violence" definition from U.S.S.G. § 4B1.2(a)); *United States v. Vail-Bailon*, 868 F.3d 1293, 1298 n.8 (11th Cir. 2017) (*en banc*), *cert. denied*, 138 S. Ct. 2620 (2018) (comparing ACCA "violent felony" definition to identical "crime of violence" definition from U.S.S.G. § 2L1.2).

In *Turner*, we held that aggravated assault under Fla. Stat. § 784.021 is a violent felony under the elements clause of the ACCA.  *Turner*, 709 F.3d at 1338. After *Johnson*, we reaffirmed *Turner*'s holding in *United States v. Golden*, 854 F.3d 1256 (11th Cir. 2017), and in *United States v. Deshazior*, 882 F.3d 1352 (11th

3

Cir.), *cert. denied*, 2019 U.S. LEXIS 1468 (U.S. Feb. 25, 2019) (No. 17-8766).

Specifically, in those cases, we relied upon prior panel precedent in *Turner* to

conclude that aggravated assault under Fla. Stat. § 784.021 is a crime of violence

under the identical definition provided in U.S.S.G. § 2K2.1(a)(2), and a violent

felony under the ACCA. *See Golden*, 854 F.3d at 1257 (holding that, "even if

*Turner* is flawed, that does not give us, as a later panel, the authority to disregard

it"); *Deshazior*, 882 F.32 at 1355.

Accordingly, we are bound by our precedent that aggravated assault

constitutes a crime of violence under the ACCA, even after *Johnson*. *See Turner*,

709 F.3d at 1338; *Golden*, 854 F.3d at 1257; *Deshazior*, 882 F.32 at 1355.

Therefore, we affirm.

**AFFIRMED.**