[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11484
Non-Argument Calendar
_____

D.C. Docket Nos. 4:16-cv-00017-RH-MJF; 4:12-cr-00006-RH-MJF-1

FRED SOMERS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 14, 2020)

Before JILL PRYOR, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

Fred Somers, a counseled federal prisoner, appeals the district court's denial

of his 28 U.S.C. § 2255 motion to vacate his sentence.  On appeal, Somers argues

that his sentence -- which was enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) -- is now invalid.  After careful review, we affirm.

When reviewing the denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo.  McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  We review de novo whether a conviction qualifies as a violent felony under the ACCA's elements clause.  United States v. Deshazior, 882 F.3d 1352, 1354 (11th Cir. 2018), cert. denied, 139 S. Ct. 1255 (2019).  In an appeal brought by an unsuccessful § 2255 movant, the scope of our review is limited to the issues specified in the certificate of appealability.  McKay, 657 F.3d at 1195.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has three or more prior convictions for a "violent felony" or "serious drug offense" faces a mandatory minimum 15-year sentence.  18 U.S.C. § 924(e)(1).  The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated crimes" and "residual clause."  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  In

Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court struck down the residual clause as unconstitutionally vague. Id. at 2557–60. In holding that the residual clause was void, the Supreme Court clarified that it did not call into question the application of the elements clause. Id. at 2563. It later held that Johnson announced a new substantive rule that applied retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

To qualify as a violent felony under the ACCA's elements clause, a conviction must have as an element the use, attempted use, or threatened use of physical force against the person of another. 18 U.S.C. § 924(e)(2)(B)(i). We employ the categorical approach to determine whether a conviction necessarily requires the use or threatened use of physical force, looking only at the required elements of a defendant's prior offenses, and not to the particular facts underlying those convictions. United States v. Jones, 906 F.3d 1325, 1328 (11th Cir. 2018), cert. denied, 139 S. Ct. 1202 (2019). A crime is categorically a violent felony under the elements clause if even the least of the culpable conduct criminalized by the statute would fall within the ACCA definition. Id.

In Florida, an aggravated assault is an assault (a) with a deadly weapon without intent to kill, or (b) with an intent to commit a felony. Fla. Stat. § 784.021. An assault is defined as an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some

3

act which creates a well-founded fear in such other person that such violence is imminent.  Fla. Stat. § 784.011.

In 2013, we held that a movant's Florida conviction for aggravated assault qualified as a violent felony under the ACCA's elements clause.  Turner v. Warden Coleman FCI, 709 F.3d 1328, 1337-38 (11th Cir. 2013), abrogated on other grounds by Johnson, 135 S. Ct. 2251.  We reasoned, first, that aggravated assault, by its definitional terms, necessary included an assault, which is an intentional and unlawful threat "to do violence" to the person of another.  Id. at 1338.  We further concluded that aggravated assault necessarily included as an element the "threatened use of physical force against the person of another."  Id.

In United States v. Golden, we affirmed the defendant's sentence because Turner, as binding precedent, foreclosed the argument that his conviction for aggravated assault was not a violent felony.  854 F.3d 1256, 1256-57 (11th Cir. 2017); see also Deshazior, 882 F.3d at 1355 (holding that a defendant's argument that Florida aggravated assault is not a violent felony for purposes of the ACCA is foreclosed by Turner).  We said in Golden that, even if Turner was flawed, that did not give a later panel authority to disregard it.  Golden, 854 F.3d at 1257.

Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by this

4

Court sitting en banc or by the Supreme Court. United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009). An intervening Supreme Court decision can only overrule the decision of a prior panel of this Court if it is clearly on point. Id. We've squarely rejected any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time. United States v. Fritts, 841 F.3d 937, 942 (11th Cir. 2016).

Here, Somer argues that the district court erred in denying his § 2255 motion because it erroneously relied on his Florida aggravated assault conviction as one of his three ACCA predicate offenses. He says, first, that his conviction for aggravated assault does not qualify as a "violent felony" under ACCA's residual clause in light of Johnson. Further, he argues, even if the offense qualified as an ACCA predicate under the elements clause, we should reverse the district court because our binding case law concerning the ACCA's elements clause is flawed. However, as Somers recognizes, our binding precedent forecloses his claim that Florida aggravated assault does not qualify as a violent felony under the ACCA's elements clause. See Turner, 709 F.3d at 1337-38; Golden, 854 F.3d at 1256-57. Although Somers argues that Turner was wrongly decided, we do not have the authority to disregard it. See Golden, 854 F.3d at 1257; Fritts, 841 F.3d at 942.[1]

---

[1] Somers also petitions for an initial hearing en banc. No judge in regular service on the Court having requested that the Court be polled on initial hearing en banc, the Petition for

5

**AFFIRMED.**

---

Hearing En Banc is DENIED. Fed. R. App. P. 35; 11th Cir. R. 35–5.  Nevertheless, as always, Somers remains free to seek rehearing en banc of this panel's decision.