[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14653
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00009-AW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH ALLEN CULP,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(June 2, 2020)

Before WILLIAM PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Keith Allen Culp appeals his sentence of 180 months of imprisonment for possessing a firearm as a convicted felon. 18 U.S.C. §§ 922(g)(1), 924(e). Culp argues that he lacks sufficient predicate offenses to qualify as an armed career criminal. Culp argues that his prior conviction for resisting arrest with violence, Fla. Stat. § 843.01, does not count as a violent crime. *See* 18 U.S.C. § 924(e)(2)(B). He also argues, for the first time, that his prior conviction for trafficking amphetamine, Fla. Stat. § 893.13(1)(f), is not a serious drug offense. *See* 18 U.S.C. § 924(e)(2)(A). We affirm.

We review *de novo* the classification of a prior conviction as a violent felony or as a serious drug offense under the Armed Career Criminal Act. *United States v. Deshazior*, 882 F.3d 1352, 1354 (11th Cir. 2018) (violent felony); *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017) (serious drug offense).

The district court correctly enhanced Culp's sentence under the Act. The district court did not decide whether Culp's prior conviction for resisting an officer with violence counted as a violent felony because he conceded that it "made no difference one way or another" in the light of his convictions for drug offenses. But the district court did not err because, as Culp acknowledges, our precedent holds that resisting an officer with violence categorically qualifies as a violent felony under the Act. *See United States v. Hill*, 799 F.3d 1318, 1323 (11th Cir. 2015). And Culp does not dispute that his two prior convictions for selling

2

methamphetamine with intent to distribute, Fla. Stat. § 893.13(1), constitute serious drug offenses. *See United States v. Smith*, 775 F.3d 1262, 1266–68 (11th Cir. 2014) ("[s]ection 893.13(1) of the Florida Statutes is . . . a 'serious drug offense'"). Because Culp has three predicate offenses, we need not decide whether his prior conviction for trafficking amphetamine also qualifies as a serious drug offense.

We **AFFIRM** Culp's sentence.