[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13753
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cr-80079-DMM-1

UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

ANTHONY JEROME BILLINGS, JR.,

                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 2, 2020)

Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Billings Jr. appeals his 144-month sentence for one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and his concurrent 120-month sentence on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Specifically, Billings appeals the district court's determination that he was a career offender under U.S.S.G. § 4B1.1 based on his prior convictions, and the consequent sentence enhancement.

## I.

On appeal, Billings argues that his prior conviction for sale of cocaine does not constitute a "controlled substance offense" because the relevant Florida statute lacks a *mens rea* requirement regarding the illicit nature of the controlled substance. Billings concedes that Eleventh Circuit law is contrary to his own position but argues that the law is wrongly decided.

We review *de novo* whether a prior conviction is a "controlled substance offense" under U.S.S.G § 4B1.2(b). *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).

A defendant is a career offender if: (1) the defendant is at least 18 years old at the time of the instant offense of conviction; (2) the instant offense of conviction is either a "crime of violence" or a "controlled substance offense;" and (3) the defendant has at least two prior convictions of either a "crime of violence" or a

2

"controlled substance offense."  U.S.S.G. § 4B1.1(a).  A "controlled substance offense" is an offense under federal or state law, punishable by more than one year of imprisonment, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, or possession of a controlled substance, with intent to manufacture, import, export, distribute, or dispense.  U.S.S.G. § 4B1.2(b).

In *United States v. Smith*, we held that a conviction under Fla. Stat. § 893.13 constitutes a "controlled substance offense," under U.S.S.G. § 4B1.2(b).  775 F.3d 1262, 1268 (11th Cir. 2014).  Furthermore, the definition of "controlled substance offense" under U.S.S.G. § 4B1.2(b) does not require "that a predicate state offense includes an element of *mens rea* with respect to the illicit nature of the controlled substance."  *Id.*; *see also United States v. Pridgeon*, 853 F.3d 1192, 1200 (11th Cir. 2017) (rejecting the argument that *Smith* was wrongly decided and affirming *Smith's* holding that convictions under Fla. Stat. § 893.13 qualify as "controlled substance offenses" under the Sentencing Guidelines).

We are bound by prior panel decisions unless or until we overrule them while sitting *en banc* or they are overruled by the Supreme Court.  *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *see also United States v. Bishop*, 940 F.3d 1242, 1253-54 (11th Cir. 2019) *cert. denied*, 140 S. Ct. 1274 (2020) (holding that we are bound by *Smith* until it is properly overruled).

Here, Billings's argument that his prior conviction for sale of cocaine under Fla. Stat. § 893.13 was not a "controlled substance offense" under U.S.S.G. § 4B1.2(b) because the state law lacked a *mens rea* element is foreclosed by our decision in *Smith*. *See Pridgeon*, 853 F.3d at 1200. We are bound by our holding in *Smith* under the prior precedent rule. *See Bishop*, 940 F.3d at 1253-54. Thus, the district court did not err in determining that Billings's prior conviction under Fla. Stat. § 893.13 was a "controlled substance offense." Accordingly, we affirm the district court's determination.

## II.

Billings argues that the district court improperly determined he was a career offender based in part on its finding that his prior conviction for aggravated assault under Fla. Stat. § 784.021 was a "crime of violence" because that statute did not require an intentional *mens rea* and allowed conviction under a reckless disregard standard. Billings again concedes that his argument is foreclosed by Eleventh Circuit precedent, but he contends that *United States v. Golden*, 854 F.3d 1256 (11th Cir. 2017), and *Turner v. Warden Coleman FCI*, 709 F.3d 1328 (11th Cir. 2013), were wrongly decided because those decisions failed to use the determination and construction of the elements of the state offense by Florida courts when they applied a categorical approach.

4

We review *de novo* whether a defendant's prior conviction qualifies as a "crime of violence" under U.S.S.G § 4B1.2(a). *See United States v. Rosales-Bruno*, 676 F.3d 1017, 1020 (11th Cir. 2012). However, when a defendant fails to object to an error before the district court, we review the argument for plain error. *United States v. Hall*, 314 F.3d 565, 566 (11th Cir. 2002). To establish plain error, the defendant must show an error: (1) that is not intentionally relinquished or abandoned, (2) that is plain, and (3) that affected substantial rights. *United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019) (citing *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). When these conditions are met, we may only exercise our discretion to notice the error "if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citing *Molina-Martinez*, 136 S. Ct. at 1343).

We will not conduct plain error review when a party invites error by the district court. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (citing *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party."). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error."

5

*United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998).  "Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005).

> The Sentencing Guidelines define a "crime of violence" as:
>
> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a).

Under Fla. Stat. § 784.021, "[a]n 'aggravated assault' is an assault: (a) With a deadly weapon without intent to kill; or (b) With an intent to commit a felony." Fla. Stat. § 784.021.  An assault is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."  Fla. Stat. § 784.011.

In *Turner*, we held that Fla. Stat. § 784.021 qualifies as a "violent felony" under the ACCA's elements clause.  *Turner*, 709 F.3d at 1337-38 (concluding that Florida aggravated assault "will always include as an element the . . . threatened use of physical force against the person of another . . .").  Furthermore, an assault

6

carried out with a deadly weapon, such as a firearm, is "included in 'the generic crime of "aggravated assault" so as to qualify as a "crime of violence"' or a violent felony for purposes of sentencing." *Id.* at 1338 n.6 (quoting *United States v. Palomino Garcia*, 606 F.3d 1317, 1331-32 (11th Cir. 2010)). Even though *Turner* addressed the elements clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), that clause is identical to the elements clause of U.S.S.G. § 4B1.2(a)(1); thus, *Turner* is binding as to Fla. Stat. § 784.021 constituting a "crime of violence" under U.S.S.G. § 4B1.2(a). *United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017); *see also United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1255 (2019) (stating that *Turner* forecloses any argument that Fla. Stat. § 784.021 is not a violent felony). The prior panel precedent rule dictates that, even if *Turner* is flawed, we, as a later panel, do not have the authority to disregard it. *See Golden*, 854 F.3d at 1257.

We do not reach the merits of Billings' argument because he invited or induced the district court's determination that he now claims was error. In his plea agreement, Billings agreed that his prior conviction for aggravated assault with a firearm constituted a predicate offense and helped qualify him as a career offender under U.S.S.G. § 4B1.1. During the plea colloquy, Billings affirmed that his prior conviction for aggravated assault helped qualify him as a career offender. Finally, at his sentencing hearing, Billings explicitly stated he was not raising an objection

7

concerning his prior aggravated assault conviction constituting a career offender predicate.  Thus, Billings is precluded from claiming on appeal that the district court erred in determining that his prior conviction for aggravated assault qualified as a "crime of violence."  *See Silvestri*, 409 F.3d at 1327.[1]

**AFFIRMED.**

---

[1]    Although Billings clearly invited an error, his challenge would have been foreclosed in this circuit in any event by our *Turner* decision.